ST. LOUIS-SAN FRANCISCO RY. CO. v. LONG, Co. Treas., et al.

No. 33870.   Oct. 24, 1950.

*223 P. 2d 542.*

506

M. G. Roberts, of St. Louis, Mo., and Satterfield & Franklin, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., and P. D. Erwin and Donald E. Powers, both of Chandler, for defendants in error.

O'NEAL, J. This is an appeal from a judgment of the district court of Lincoln county sustaining a demurrer to a petition for injunction against Ora Long, county treasurer of Lincoln county, and C. L. Wright, treasurer of Chandler School District No. 1, Lincoln county, and dismissing the action. State ex rel. State Board of Education, intervener.

April 2, 1948, plaintiff in error, hereinafter referred to as plaintiff, filed its application for an injunction against Ora Long, county treasurer of Lincoln county, and C. L. Wright, treasurer of Chandler School District No. 1, enjoining defendants from apportioning the amount of $61.63, a part of the transfer fees payable to Chandler School District No. 1, Lincoln county, from School District No. 61, Lincoln county, to the general fund of the Chandler School District. A temporary restraining order was issued April 5, 1948, and application for temporary injunction was set for hearing on April 13, 1948. The State of Oklahoma ex rel. State Board of Education filed its application for leave to intervene and by stipulation and agreement of the parties the application to intervene was allowed.

Defendant, C. L. Wright, treasurer of the board of education of the city of Chandler, filed a demurrer to the application for injunction upon the grounds:

"1. That this court has no jurisdiction of the subject matter.

"2. That there is a defect of parties defendant in this to wit: That the Board of Education of the City of Chandler, Oklahoma, is a necessary party defendant.

"3. That the same does not state facts sufficient to constitute a cause of action against this defendant."

Thereafter it was agreed that the court might, without further notice, proceed to consider the demurrer and petition for intervention, and render its decision or judgment thereon. The court treated the petition in intervention as a general demurrer to the petition for injunction. Thereupon the court overruled the demurrer of defendant Wright as to the first and second grounds, and sustained it as to the third ground, and also sustained the petition in intervention treated as a general demurrer. The plaintiff announced in open court that it did not desire to amend its petition, but elected to stand thereon. Whereupon the court dismissed the action, and the plaintiff appeals.

The sole question presented is whether the trial court erred in sustaining the third ground of the demurrer of the defendant C. L. Wright, treasurer of the board of education of the city of Chandler, and in sustaining the allegations and prayer of the

petition in intervention, treating same as a general demurrer to the petition for injunction, which amounted to the same as the third ground of the demurrer of the defendant C. L. Wright.

Plaintiff's petition for injunction, after certain formal allegations as to the corporate existence, etc., of the plaintiff and the two school districts, concerning which there is no controversy, alleged, in substance: That for the school year 1947-1948 School District No. 1, Lincoln county, had transferred to it six high school pupils from School District No. 61, Lincoln county, and that funds for the payment of the transfer fees had been appropriated, as provided by law, in the budget of School District No. 61 for the fiscal year 1947-1948, said transfer fees being paid and payable to School District No. 1; that under the terms of the 1947 School Act (House Bill No. 85, Title 70, chap. 21, sec. 4, S. L. 1947, amending sec. 1037.7 70 O. S. 1941) fees for all transfers were required to be based on the previous year's total per capita cost of pupils in average daily attendance in the district to which the transfer is made, plus eight per cent (8%) of such total cost for use of buildings already constructed and paid for, and included not only expenditures from the general fund for education and transportation costs, but also included expenditures from all constitutional building funds, plus the appropriation of the district in its sinking fund for accrual and interest on building and equipment bonds, plus the addition of a sum representing eight per cent (8%) of the total of the above expenditures as being assessed for buildings already constructed and paid for; that the amount shown to have been expended by School District No. 1 during the fiscal year 1946-1947 from its general fund for high school education was $30,300.02; that the expenditures from the constitutional building fund were $486.84; the appropriation in sinking fund for accrual and interest on building and equipment bonds was

$1,375.32. That added to the total of the above items ($32,162.18) 8% thereof for use of buildings already constructed and paid for, $2,572.97, making a total cost of $34,735.15. Thus showing the costs over and above the amount paid from the general fund to be $4,435.13; that the average daily high school attendance of School District No. 1 for the previous school year was 235; that the total cost, $34,735.15, divided by 235 showed the per capita cost, not including transfer fees, to be $147.79. The transfer fees per capita cost was said to be $53.06; that the total per capita cost, or transfer fee, was $200.85; that the total cost, as shown above, for six transfers was $1,205.10; that the amount actually appropriated by School District No. 61 was $1,153.57, or $51.53 less than the total cost of the six transfers. Plaintiff asserts that the general fund expenditures, $30,300.02, divided by the average daily high school attendance produces a per capita cost for high school education of $128.93, and added thereto for per capita cost of transfers $53.06, produces a per capita expenditure from the general fund for high school pupils of $181.99, or a total of $1,091.94, to be apportioned to the general fund, and that the balance of the $1,153.57 appropriated by School District No. 61, and paid to School District No. 1, or $61.63, should, and must be apportioned to the sinking fund, and the fund for buildings already constructed and paid for.

The contention of plaintiff is that that part of the cost of transfer fees represented by expenditures from the constitutional building fund and appropriations for accruals and interest on building and equipment bonds, is to be paid by a tax levied for that purpose, and under the provisions of section 19, article 10, of the Constitution, such tax can never be used for any other purpose, and therefore that part of the transfer fees must be apportioned to the constitutional building fund, the sinking fund and the fund to reimburse

the receiving school district for the cost of buildings already constructed and paid for. Substantially the same contention was made in School District No. 25, Woods County, v. Hodge, State Superintendent Public Instruction, 199 Okla. 81, 183 P. 2d 575. Therein the court said:

". . . With this contention we cannot agree. This section does not provide for payment of a sinking fund appropriation nor for restoration or reimbursement of money spent out of sinking fund appropriations, but merely prescribes the manner of calculating transfer fees. That the Legislature considers the cost of educating transfer pupils should properly include an item based on the cost of those facilities paid for by sinking fund obligations is no provision that that portion of the transfer fee is a reimbursement of that sinking fund."

It would seem that that holding conclusively settles the question here involved against the contention of the plaintiff. If that portion of the transfer fees is not a reimbursement of the sinking fund, then there is no requirement that it be apportioned to the sinking fund. The same may be said of the constitutional building fund and the "eight per cent (8%)" for use of buildings already constructed and paid for. The tax involved was levied for the purpose of paying the transfer fees of the six high school pupils transferring from School District No. 61 to School District No. 1. When it was paid to School District No. 1 the tax was applied to the purpose for which it was levied, and the requirements of section 19, article 10 of the Constitution had been met. The use of the money thereafter is governed by statute.

Section 6, of House Bill No. 85 (Title 70, chapter 21, S. L. 1947) provides:

"After the County Excise Board has determined the amount of the appropriation for transfer fees and such appropriation has been made by the County Excise Board in the budget of the school district from which pupils have been transferred, the district to which any such pupils have been transferred, shall estimate the amount so appropriated, as probable income for appropriation, and it shall thereupon become the duty of the County Excise Board to use the total amount so estimated to help finance appropriations of the district to which such pupils are transferred."

That section clearly indicates that the Legislature intended that transfer fees paid from the general fund of the sending district to the receiving district should be apportioned to the general fund of the receiving district to help finance appropriations of the receiving district. That being the law, it follows that plaintiff's petition for injunction failed to state facts sufficient to call for the injunction prayed for.

Affirmed.

ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.